# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, *et al.*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:16-cv-1929 (ABJ) |
| ABC WINDOW CLEANING COMPANY, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiffs Service Employees International Union National Industry Pension Fund and the Trustees for the SEIU Pension Fund brought this action against defendant ABC Window Cleaning Company, Inc. ("ABC Window") pursuant to the Employee Retirement Income Security Act ("ERISA"), *as amended*, 29 U.S.C. § 1132 *et seq*. Compl. [Dkt. # 1]. They allege that defendant failed to submit reports to the SEIU Pension Fund and contribute the proper amounts owed under the relevant collective bargaining agreement. *Id.* ¶¶ 10, 12–13. Because defendant has not fulfilled its obligations, plaintiffs ask the Court to enforce the reporting requirement, and they allege that they are entitled to collect unpaid contributions, interest, liquidated damages, and attorneys' fees and costs. *Id.* ¶ 1.

Now pending before the Court is plaintiffs' motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Pls.' Mot. for Default J. [Dkt. # 9] ("Pls.' Mot."); Pls.' Mem. in Supp. of Pls.' Mot. [Dkt. # 9] ("Pls.' Mem."). Plaintiffs request that the Court order defendant to submit delinquent remittance reports, and that the Court retain jurisdiction to enter

judgment for any contributions, interest, or liquidated damages determined to be owed based on those remittance reports. Pls.' Mem. at 9. Plaintiffs have also asked the Court to enter an order requiring defendant to pay plaintiffs' attorneys' fees and costs. *Id.*

Having considered plaintiffs' submissions, applicable case law, statutory authority, and the record of the case as a whole, the Court will grant plaintiffs' motion for default judgment.

## BACKGROUND

In July 2009, plaintiffs and defendant entered into a collective bargaining agreement through their bargaining representatives, Service Employees International Union Local 1 and Illinois Association of Building Maintenance Contractors, respectively. Compl. ¶ 10; Ex. 2 to Compl. [Dkt. # 1-2] ("CBA"). As part of the CBA, defendant agreed to abide by a Trust Agreement, under which employers must "contribute to the [SEIU Pension] Fund the required contributions and shall make such reports to the Fund as may be required by the Trustees." Ex. 3 to Compl. [Dkt. # 1-3] ("Trust Agreement") at 2; CBA at 16–17; *see also* Compl. ¶ 14. Under the Trust Agreement, an employer must submit "remittance reports" that contain "the names of each covered employee and the number of compensable hours for each employee during the reporting month," along with the corresponding contributions. Compl. ¶ 15. Pursuant to the Trust Agreement and the CBA, "[d]efendant was required to contribute $1.05 per hour for each hour worked by covered employees." *Id.* ¶ 12. "[T]his amount increased to $1.10 per hour for each hour worked," effective January 1, 2010. *Id.*

Employers who fail to submit the required remittance reports and contributions are "liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions . . ., and attorneys' fees and costs." Compl. ¶ 16. Defendant would also owe

additional surcharges and contributions pursuant to the Pension Protection Act ("PPA") if the SEIU Pension Fund was deemed to be in critical status, which was the case from 2009 to 2016. *Id.* ¶¶ 17–18; *see* 29 U.S.C. § 1081 *et seq*.

Plaintiffs filed a complaint in this case on September 29, 2016, seeking "to collect unpaid collectively bargained remittance reports, contributions . . . [PPA] supplemental contributions, interest, liquidated damages and attorneys' fees and costs" allegedly owed by defendant pursuant to 29 U.S.C. § 1145. Compl. ¶ 1. Plaintiffs allege that for the months of February 2015, April 2015, June 2015, and February 2016, defendant did not "remit certain required reports and contributions" and "failed to pay certain interest charges and liquidated damages owed to the SEIU Pension Fund." *Id.* ¶ 20.

On December 20, 2016, the summons and complaint were served on the Illinois Secretary of State, in accordance with Federal Rules of Civil Procedure 4(c) and 4(h)(1). *See* Summons Returned Executed [Dkt. # 6]. Defendant failed to file an answer or otherwise respond to plaintiffs' complaint, so plaintiffs filed an affidavit for default on January 18, 2017, Pls.' Aff. for Clerk's Entry of Default [Dkt. # 7], and the Clerk of Court entered default against defendant on January 19, 2017. Clerk's Entry of Default [Dkt. # 8]. Plaintiffs then filed this motion on March 1, 2017. Pls.' Mot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered, a court may enter a default judgment order pursuant to Rule 55(b). Whether default judgment is appropriate is in the discretion of the trial court. *Keegel*

*v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980); *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.,* 239 F. Supp. 2d 26, 30 (D.D.C. 2002), citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.*, citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* (citation omitted). "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (citation omitted).

## ANALYSIS

Given "the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense," the Court concludes that default judgment is appropriate in this case. *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C. 2008), quoting *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, at *1 (D.D.C. Mar. 20, 2000). The Clerk of Court has already entered defendant's default, so the factual allegations in the complaint are therefore taken as true. *See R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30. The Court finds that plaintiffs' complaint sufficiently alleges facts to support its claims, and therefore, plaintiffs are entitled to default judgment on the question of defendant's liability for its failure to pay contributions under the terms of the CBA and related

agreements. The Court further finds that plaintiffs are entitled to receive the requested delinquent remittance reports.

**I.      Plaintiffs are entitled to the delinquent remittance reports.**

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of . . . such agreement." 29 U.S.C. § 1145. Pursuant to the CBA, here, defendant was obligated to submit monthly reports indicating the contributions it owed to the fund. *See* CBA at 16–17; *see also* Trust Agreement at 2. As of February 28, 2017, defendant had not submitted several reports. Decl. of Kisha Smith [Dkt. # 9-1] ("Smith Decl.") ¶¶ 15, 17 ("For the months of February 2015, April 2015, June 2015, and February 2016, the [d]efendant has failed to remit the contractually required contributions . . . and reports and owes interest[] [and] liquidated damages to the Pension Fund."). Defendant was also required to make contributions, which remain unpaid.

"When a court awards a default judgment against a defendant for contributions owed under a collective bargaining agreement, ERISA provides that the court must award: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages;[1] and (4) reasonable attorney's fees and costs of the action." *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 31 (citations omitted). "The unpaid contributions, interest, and liquidated damages generally are considered 'sums certain' pursuant to the calculations mandated in ERISA and the parties' agreements." *Id.*, citing *Combs v. Coal & Mineral Mgmt. Servs., Inc.,* 105 F.R.D. 472, 474 (D.D.C. 1984).

---

1      Liquidated damages shall be "an amount not in excess of 20 percent" of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C)(ii).

Because defendant has failed to submit remittance reports and contributions for the months of February 2015, April 2015, June 2015, and February 2016, Smith Decl. ¶¶ 15, 17, it is impossible to determine with certainty the specific amount of the unpaid contributions owed. Until these remittance reports are received, the Court cannot determine the amount of damages it is required to award. *Id.* ¶ 16 ("Because these reports have not been submitted, the amount of money due to the Fund is unknown and cannot be ascertained without an accounting of the number of compensable hours for each employee of ABC Window Cleaning during the reporting months."); *see Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Artharee*, 942 F. Supp. 2d 27, 30 (D.D.C. 2013) (holding that an employer must submit its delinquent remittance reports before the court can calculate the specific amount of damages owed to a multiemployer plan plaintiff).

Therefore, the Court will order defendant to submit the reports to plaintiffs.

## II. Plaintiffs must submit more information before the Court orders an award of attorneys' fees and costs.

Plaintiffs have also requested that the Court order defendant to pay $3,488.50 in attorneys' fees[2] and $724.00 for costs associated with this case. Pls.' Mem. at 9. ERISA provides that if the action is brought under section 1145 to recover contributions to a multiemployer plan pursuant to a collective bargaining agreement, "the court shall award the plan . . . reasonable attorney's fees and costs" if the plan receives a judgment in its favor. 29 U.S.C. § 1132(g)(2)(D).

---

2        Based on the billing records provided by plaintiffs, the Court determines that: 0.4 hours were billed at the partner rate of $220 per hour; 9.1 hours were billed at the lead attorney rate of $195 per hour; 6.3 hours were billed at the paralegal rate of $120 per hour; and 11.6 hours were billed at the law clerk rate of $75 per hour. Decl. of Lauren P. McDermott in Supp. of Pls.' Mot. [Dkt. # 9-2] ("McDermott Decl."); Ex. A to McDermott Decl. [Dkt. # 9-2] ("Slip Listing"). Although the amount of fees equals the $3,488.50 requested, the Court notes that Ms. McDermott's declaration inaccurately describes the number of hours billed by certain people in this action. McDermott Decl. ¶ 4 (listing that Ms. McDermott billed 8.1 hours when the Slip Listing provides that she billed 9.1 hours, and that the law clerk billed 12.6 hours when she actually billed 11.6 hours).

The "reasonableness of the fees requested by the [plaintiff] is a 'judgment call' which only the [c]ourt can make." *Combs*, 105 F.R.D. at 475. Reasonable attorneys' fees are calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984), citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see Bd. of Trs. of Hotel & Res. Emps. Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998) (applying this standard in calculating attorneys' fees under ERISA). When preparing a fee application, plaintiffs must provide the Court with "sufficiently detailed information about the hours logged and the work done" "based on contemporaneous time records" in order to justify the hours expended. *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). And the reasonableness of the hourly rate is determined by referencing the "prevailing market rates in the relevant community" and producing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." *Blum*, 465 U.S. at 895.

To establish the amount of fees and costs owed in this case, plaintiffs offer the declaration of lead attorney, Lauren P. McDermott. McDermott Decl. The declaration includes documentation listing the hours expended by each attorney or staff member for each task performed in the present case. *See* Slip Listing. It also provides the hourly rates for partners, lead attorneys and associates, paralegals, and law clerks, McDermott Decl. ¶ 5, and Ms. McDermott avers that the hourly rates charged "are consistent with the prevailing market rates of counsel, paralegals, and law clerks in the District of Columbia [of] similar skill for ERISA cases." *Id.* ¶ 8.

Although plaintiffs do provide sufficient information regarding the hours expended in this case in the form of contemporaneous time records, the Court has no reference point to determine the reasonableness of the hourly rates other than one conclusory sentence in Ms. McDermott's declaration. That is simply not enough. The affidavit does not provide the extent of each biller's

legal experience in order to inform a comparison to the prevailing market rates, nor does the affidavit point to additional evidence of prevailing market rates such as the *Laffey* Matrix or the U.S. Attorney's Office Matrix, which the D.C. Circuit has "previously said litigants may rely upon when seeking fees." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004). Absent such information, the Court cannot determine at this time whether the proposed hourly rates are reasonable

Accordingly, before the Court awards plaintiffs their requested attorneys' fees, plaintiffs must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community" for attorneys, paralegals, and law clerks involved in ERISA litigation. *See Blum*, 465 U.S. at 895. This submission must be filed within fourteen (14) days of the date of this Memorandum Opinion and accompanying Order.

## CONCLUSION

Therefore, the Court will grant plaintiffs' motion for default and order defendant to provide the remittance reports for the months of February 2015, April 2015, June 2015, and February 2016 to plaintiffs. The Court will retain jurisdiction to enter judgment for any contributions, interest, or liquidated damages determined to be owed based on the remittance reports. And the Court will enter a final attorneys' fees and costs award after the Court receives additional information supporting the request for fees and costs.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: August 16, 2017